UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEITH NIEMIC
       PLAINTIFF
V.

DAVID NOLAN et al
       Defendants

CIVIL ACTION
NO. 04-11482-NMG

## PLAINTIFF's PRELIMINARY MOTION FOR DECLARATORY JUDGMENT ORDERING MCI-CEDAR JUNCTION TREASURER TO ALLOW PLAINTIFF ACCESS TO HIS PRISON ACCOUNT SO THAT HE CAN ACCESS COURT PURSUANT TO THIS COURTS ORDER INTER ALIA

Now comes the plaintiff in the above entitled matter who respectfully requests that this Honorable court take judicial Notice pursuant to Federal Rules of Evidence Rule 201(b)(d) and (f) and requests an opportunity to be heard in this matter at this courts earliest convenience, 201(e). Plaintiff also files this motion pursuant to Fed.R.Civ.P. Rule 57. Plaintiff in support of this motion does attach an affidavit with exhibits pursuant to Rule 201(b)(2) that illustrate the D.O.C. defendants, upon contrivance with other D.O.C. mci-cedar Junction employee[s], are denying the plaintiff access to his prison account so that he can access the U.S. District Court, pursuant to this court order (Docket No. 7)(NATHANIEL M. GORTON, J.) EXHIBIT-7

The actions of which do evince consciousness of liability as set forth in plaintiffs signed and sworn verified complaint, and addressed in plaintiffs memorandum of Law herein.

This present civil action    in which the plaintiff is trying to litigate, has resulted in retaliatory and vindictive conduct by MCI-cedar Junction employees who are denying plaintiff access to his money in his prison account. MIGA v. CITY OF HOLYOKE, 497 NE.2d 1 (1986); DARYL-ISLAM v. DUBOIS, 997 F.Supp 176 (D. MASS 1998). accord. SCHEUER V. RHODES, 94 S.ct. 1683; so that he cannot effectively access court. pursuant to this courts order, see EXHIBIT 7, and EX-3; SIMMONS V. DICKHAUT, 804 F.2d 182,183 (1st cir 1986)

The DOC defendants, through MCI-cedar Junction employees are denying plaintiff his protected property interest EX-3 see by MGL c. 233 § 70, to QUICK V. JONES, 754 F.2d 1521 (9th cir 1983) that violates the Due Process clause of the fourteenth Amendment. see Declaratory Judgment entered in KINES V. OLIVIERA, U.S.D.C. C.A. NO. 82-444-G (4-17-84) (GARRITY, J.), binding on all of D.O.C. in MASS.

The arbitrary treatment by the MCI-cedar Junction defendants and employee[s], are denying plaintiff substantive Due process by deny-ing plaintiff access to his money in his account to pay his initial partial filing fee. EX-7, and EX-3; see DANIELS V. WILLIAMS, 106 S.ct. 677 (1989); see in analogous context U.S. V. FORZESE, 755 F.2d 217 (1st cir. 1985)

The actions of which are done Knowingly. see EXHIBITS 1 & 2; to violate plaintiffs constitutional rights, and overcome substantive limita-tions on official discretion by statutory mandate MGL c.127 § 3 see EX-6; SMITH V. PHILLIPS, 455 U.S. 209 (1981) See also RODI V. VENTUOLO, 941 F.2d 22 (1st cir 1991); and OLIM V. WAKINEKONA, 461 U.S. 238, 249 (1983) by the MCI-cedar Junction, (employee) defendants submission of false

Statements. EX-3 compare EXHIBITS 1&2; in violation of statute MGL c. 268 §6A. See CHANCE V. ERICKSON, 118 S.ct. 753 (1993); see also WINSTON V. COUGHLIN, 789 F.Supp. 118 (1992)

For the reasons stated herein plaintiff has shown that the DOC defendants (employee) do not obey the law, nor do they illustrate respect of the court see EXHIBITS 3,6,7. "Respect for the law, particularly By officials responsible for the Administration of the correctional system, is in itself a matter of the highest public interest." DURAN V. ANAVA, 642 F.Supp. 510, (1988); LLEWLYN V. OAKLAND COUNTY PROSECUTORS OFFICE, 402 F.Supp 1379, at 1393.

Thus in the present matter, where such facts before the court are clear cut, a Declaratory Judgment to ensure plaintiff's statutory rights are protected, and that he has unabridged adequate access to court, is a proper remedy in this matter. DIAZ V. STATHIS 576 F.2d 9,11 (1st cir 1978); see also GITTENS V. LEFEVRE, 891 F.2d 38, 43 (2nd cir 1989) via MGL c. 233 §70; and see MORRIS V. TRAVISONO, 373 F. Supp 177, 182 (D. RI 1974) affd. 509 F.2d 1355 (1st cir 1975)

WHEREFORE: Plaintiff requests that this court grant Declaratory Judgment that the actions of the DOC defendants are in violation of state statutory and constitutional provision; and further in violation of plaintiffs protected rights under the United States Constitution, and to order such defendants to give plaintiff unconditional access to his money, pursuant to statute, and order any such other relief that this Honorable court deems appropriate

DATE: 10-3-04          Respectfully Submitted
                       Keith Niemic
                       Keith Niemic pro se
                       PO Box 100 South Walpole
                       MA 02071

3