UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEITH NIEMIC
    Plaintiff
v.

DAVID NOLAN et al
    Defendants

CIVIL ACTION
NO. 04-11482-NMG

## AFFIDAVIT OF PLAINTIFF KEITH NIEMIC

I Keith Niemic, plaintiff in the above entitled matter do hereby state that the following are a true statement of facts to the best of my knowledge and memory:

1. Approximately in September 2003 an illegally imposed fine was issued upon the plaintiff inter alia, for plaintiffs part in allegedly rendering a dirty urine. EXHIBIT-8

2. A fine of $358.00 was imposed upon the plaintiff under the guise of restitution. see EXHIBITS-1 & 5

3. Subsequent to the D.O.C. at MCI-Cedar Junction imposing such fine, acting superintendent Mr. Steven Silva, did lift the freeze and illegally imposed fine from plaintiffs account in which the treasurer Ms. Stowe did do. see EXHIBIT-2

4. According to DOC computerized record system, there is a system error that regenerates the previously lifted fine of $358.00 and this was expressed to plaintiff by DOC employee, Karen, from inmate accounts. see EXHIBIT-1

1

AFFIDAVIT page 2.

5. Through the MCI-cedar Junction inmate grievance procedure the plaintiff has notified defendants of their illegal activities, and further gave such notice of plaintiffs legal action against them see <u>verified complaint</u>

6. Approximately on September 17, 2004 this court did notify the plaintiff granting his motion for Leave to Proceed in forma Pauperis, and ordering plaintiff to pay an initial partial filing fee of $40.01. See <u>EXHIBIT-7</u>

7. Approximately on September 20, 2004 plaintiff was in receipt of $100.00 to help pay such court filing fee's <u>EXHIBIT-5</u> which was in form of personal check. <u>EX-5</u>

8. Pursuant to DOC policy at MCI-cedar Junction, if any amount of money is sent to an inmate in the form of a check, the inmate must wait ten days for such check to clear.

9. The MCI-Cedar Junction money receipt slips which records all pertinent facts upon the receipt of or disbursement of such money, does illustrate LOAN AMOUNT on such forms which imply that loans may be given to DOC inmates see <u>EXHIBIT-5</u>

10. On September 21, 2004 the plaintiff did request the treasurer at MCI-cedar Junction if he may acquire a loan of $20.00 so that he can borrow against the $100.00 check in his account to pay the court ordered fee <u>EXHIBIT 4</u>

Affidavit page 3

11. Plaintiff did not recieve a response from the treasurer upon his september 21st request, so he sent another request on the 27th of September for access to his money to pay this court. EXHIBIT-3

12. The Treasurer did respond by stating that there is a freeze on plaintiffs account alleging that plaintiff has to pay $179.00 restitution for the disciplinary report that was the cause of the original illegally imposed fine see EXHIBIT-3 compare EXHIBITS 1, 2, 5, & 6

13. The treasurer at MCI-Cedar Junction Ms. Mary Stowe, did previously acknowledge the lift of the imposed fee on plaintiffs account. EXHIBIT-2

14. A second MCI-Cedar Junction employee "Karen," who works with inmate accounts did acknowledge, that the previously imposed fine had been lifted. EXHIBIT-1

15. Mary Stowe who is a MASS DOC employee is denying plaintiff access to his money in violation of statute and denying plaintiff access to court by his inability to purchase U.S. postage.

SIGNED UNDER THE PENALTIES OF PERJURY
DATED: 10-3-04  Keith Niemic
Keith Niemic pro se

3