UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEITH NIEMIC,                    )
              Plaintiff,         )
                                 )
        v.                       )   C.A. No. 04-11482-NMG
                                 )
MICHAEL MALONEY, et al.,         )
              Defendants.        )

<u>MEMORANDUM AND ORDER</u>

For the reasons stated below, plaintiff's motion for notice for demand for jury trial (Docket No. 11) is granted; plaintiff's motion for declaratory judgment (Docket No. 12) is denied; plaintiff's motion for replevin of property (Docket No. 14) is denied; the Treasurer's Office at MCI Cedar Junction shall amend their records to reflect the remainder of the filing fee owed by plaintiff to $109.99; and plaintiff is directed to demonstrate good cause why the claims against Michael Maloney, the former Commissioner of the Massachusetts Department of Correction, should not be dismissed.

<u>DISCUSSION</u>

On June 29, 2004, plaintiff Keith Niemic, an inmate currently confined at MCI Cedar Junction, filed a civil rights complaint accompanied by an application to proceed without prepayment of the filing fee. <u>See</u> Docket.

Plaintiff's complaint is brought pursuant to 28 U.S.C. § 1983 and names twenty-one (21) parties as defendants. <u>See</u> Complaint, Docket No. 4. The complaint concerns numerous issues including, but

not limited to, plaintiff's medical care, mail, access to the courts, disciplinary proceedings and sanctions.  Id.

By Order dated September 16, 2004, plaintiff's application to proceed without prepayment of fees was allowed and plaintiff was assessed an initial partial filing fee of $40.01 with the remainder of $139.99[1] to be assessed in accordance with 28 U.S.C. § 1915(b)(2).[2]  See Docket No. 7.

Several weeks after the issuance of the Court's September 2004 Order, plaintiff filed two motions concerning his inability to pay to the Court the partial filing fee.  See Motion for Declaratory Judgment (Docket No. 12); Motion for Replevin of Property (Docket No. 14).  In these motions, plaintiff contends that his prison account has been encumbered, i.e., "frozen," and, as a result, he has no

---

[1]Plaintiff was correctly assessed an initial partial filing fee of $40.01, however, due to clerical error, the remainder was calculated as $139.99, rather than $109.99.

[2]In an effort to stem the number of frivolous inmate lawsuits, Congress amended 28 U.S.C. § 1915(b) to require inmates to pay filing fees in their civil actions and appeals.  See Prison Litigation Reform Act of 1996, Title VII of the Omnibus Consolidated Recessions and Appropriations Act of 1996, Pub.L. No. 104-134, § 804, 110 Stat. 1321, 1321-73 (1996).  Congress provided that:
> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

Id. at § 1915(b)(2).

2

funds available to make payments towards the filing fee for this action.

To the extent plaintiff seeks to have this Court order the treasurer to immediately pay from plaintiff's prison account a partial filing fee for the instant action, such request is denied. The Court's financial records indicate that during the past few months, two $20.00 payments were received for this action.  See Receipt Number 61583 dated Jan. 1, 2005; Receipt Number 61884 dated Feb. 7, 2005.  Because plaintiff was originally assessed $139.99 in error, the Treasurer will be directed to amend their records to reflect the remainder of the filing fee owed by plaintiff to $109.99. The instant action may proceed and the Treasurer shall send payment to the Court towards the $109.99 when the amount in plaintiff's account exceeds $10.00.  See 28 U.S.C. § 1915(b)(2).

After the issuance of the September 2004 Order, plaintiff's complaint was returned to the undersigned for screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.[3]  The Court has reviewed

---

[3]A district court may dismiss a complaint filed by a prisoner in forma pauperis "at any time" if the court determines that the action lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability, or fails to state a claim. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the former § 1915(d)); 28 U.S.C. § 1915(e)(2)(b).  All prisoner actions directed against a governmental entity or officer, regardless of whether or not a prisoner litigant has paid the filing fee, also must be screened to determine if the action should be dismissed for those same reasons.  28 U.S.C. § 1915A.

plaintiff's complaint and determines that the claims against defendant Maloney are subject to dismissal because they are based on a theory of <u>respondeat</u> <u>superior</u>.[4]  Liability under Section 1983 is direct, not vicarious. <u>Pinto v. Nettleship</u>, 737 F.2d 130, 132 (1st Cir. 1984) (no <u>respondeat</u> <u>superior</u> liability under § 1983; liability can only be imposed upon officials who were involved personally in the deprivation of constitutional rights); <u>see</u> <u>Guzman v. City of Cranston</u>, 812 F.2d 24, 26 (1st Cir. 1987).  Because liability cannot be based solely on an employer-employee relationship with a tortfeasor, plaintiff's claims against defendant Maloney are subject to dismissal. <u>See</u> <u>Rodriguez-Vazquez v. Cintron-Rodriguez</u>, 160 F. Supp. 2d 204, 210-213 (D. P.R. 2001) (dismissing claims, allegation that defendant was "ultimately responsible for the selection and/or supervision and/or training and/or discipline of his subordinates" was insufficient).

Finally, plaintiff now seeks to assert a jury demand.  <u>See</u> Motion for Notice for Demand for Jury Trial, Docket No. 11.  The Federal Rules of Civil Procedure provide that a "party may amend the party's pleading once as a matter of course at any

--------

[4]In the accompanying Screening Order, the Court will require the remaining defendants to reply to plaintiff's complaint within the time specified in the summons.

time before a responsive pleading is served...." Fed. R. Civ.
P. 15(a).  Because defendants have not filed a responsive
pleading, the plaintiff may amend his complaint as a matter of
course.  <u>See</u> Fed. R. Civ. P. 15(a).

<u>ORDER</u>

ACCORDINGLY, for the reasons stated above, plaintiff's motion
for notice for demand for jury trial (Docket No. 11) is GRANTED;
plaintiff's motion for declaratory judgment (Docket No. 12) is
DENIED; plaintiff's motion for replevin of property (Docket No. 14)
is DENIED; the Treasurer's Office at MCI Cedar Junction shall amend
their records to reflect the remainder of the filing fee owed by
plaintiff to $109.99; and plaintiff is directed to demonstrate good
cause why the claims against Michael Maloney, the former Commissioner
of the Massachusetts Department of Correction, should not be
dismissed within forty-two (42) days of the date of this Memorandum
and Order.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>4th</u> day of <u>April</u>, 2005.


/s/ Nathaniel M. Gorton
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE