UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

KEITH NIEMIC,
  Plaintiff,

v.

MICHAEL MALONEY ET AL,
  Defendants.

CIVIL ACTION
NO. 04-11482 NMG

### PLAINTIFFS MOTION FOR SHOW CAUSE

Now comes the plaintiff in the above entitled matter, pursuant this courts memorandum and order of 4-4-05, (P#16) to demonstrate good cause why the claims against Michael Maloney, the former Commissioner of the Massachusetts Department of Correction, should not be dismissed, within (42) days of this order.

In support of this motion, plaintiff states the following, with memorandum of law in support:

Defendant Michael Maloney, being the former commissioner for the Mass. D.O.C. and was the acting Commissioner for the D.O.C. during the relevant times addressed in the complaint page 8 ¶ 34.

Plaintiff did explicitly address constitutional violations to defendant Maloney concerning employees (defendants) conduct that are under his control, at which he failed to correct Id. ¶34. See e.g. Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 559-61 (1st Cir 1988), see also Estelle v. Gamble, 429 U.S. 97, 106 (1976)

Prison personnel may be held liable for their failure to act

if it causes a constitutional violation. "Acts of omission are actionable ... to the same extent as acts of commission." Smith v. Ross, 482 F.2d 33, 36 (6th cir 1978) accord Estelle v. Gamble, supra at 106.

Therefor, due to defendant Maloney's job description, the responsibility of promulgating and maintaining statewide departmental regulations regarding the rights and privileges of all Massachusetts State prisoners pursuant to M.G.L.c. 124 §1 et seq. (plaintiff's complaint page 2 ¶4) and plaintiff giving notice to this defendant of deprivation of rights being suffered by plaintiff, who failed to correct such inadequacy, is liable for medical care deprivations. See Hill v. Marshall, 962 F.2d 1209, 1213 (6th cir 1992), and thus "personal involvement" is satisfied. Williams v. Smith, 781 F.2d 319, 323 (2d cir 1986) stating an adequate 42 USC §1983 claim.

Plaintiff's complaint on page 41 ¶224 does state: "Plaintiff has written complaints, grievance appeals to the (new) D.O.C. Commissioner Kathleen Dennehy on May 8, 2004 and again on June 14, 2004." Federal Rules of Civil Procedure Rule 25(d)(1) does state in part: "when a public officer is a party to an action in an official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party..." The plaintiff is suing defendant Nolan in his official capacity, for injunctive, and declaratory judgment (complaint page 2 ¶4) Gittens v. LeFevre, 891 F.2d

2

38, 43 (2nd cir. 1989) and plaintiff is suing for damages in defendant Maloney's individual capacity. Hafer v. Melo, 112 S.Ct. 358, 364-65 (1991)

For the reasons set forth above, plaintiff has satisfied his prerequisite that the pleading is sufficient to state a cognizable claim, and that plaintiff will have a reasonable opportunity to prevail on the merits of plaintiff's claims against defendant Michael Maloney.

WHEREFORE, plaintiff requests that this motion be allowed.

Respectfully Submitted

DATE: 4-19-05

Keith Niemic pro se
PO Box 100
South Walpole, MA
02071