UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KEITH NIEMIC,
Plaintiff,
v.

CIVIL ACTION NO. 1:04-CV-11482-NMG

STANLEY GALAS, ET AL
Defendants.

## PLAINTIFFS REPLY TO MEDICAL DEFENDANTS COUNTERCLAIM

Now comes the pro se plaintiff pursuant to Fed.R.Civ.P. Rule 8(b)(c)(d); and 12(a)(2); who does reply to defendant Stanley Galas, counter claim, set forth in his/her answer to the complaint.

In support thereof, the plaintiff does reiterate that all of the facts set forth in his complaint are verified as being true, and was signed under penalties of perjury by plaintiff.

### REPLY TO FIRST DEFENSE

This court's findings, and order on screening the complaint, did affirm that it states a cognizable claim, with a reasonable opportunity to prevail on the merits against said defendant[s]. see attached findings of the court.

### REPLY TO SECOND DEFENSE

The defendant[s] did explicitly respond to the allegations contained in the plaintiff's complaint, paragraph by paragraph, addressing Plaintiffs PRELIMINARY STATEMENT, and JURISDICTION, in which by way of admission this defendant did waive his/her failure to deny

the allegations in paragraph (3) three of plaintiffs complaint, which states: "Plaintiff, Keith Niemic is a natural person incarcerated at MCI-cedar Junction Walpole (Hereinafter Walpole") all events described in this complaint did occur in Walpole, where plaintiff was incarcerated." This defendants response to this paragraph was: "The defendant makes no response to this paragraph of the plaintiffs complaint, as this paragraph does not pertain to this defendant."

### REPLY TO COUNTERCLAIM

COUNT I - CONSPIRACY, CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. §1983, AND THREATS, INTIMIDATION, OR COERCION UNDER STATE LAW MGL c. 12 §11I.

236-244. Plaintiff denies that the defendant is entitled to judgment in his/her favor to their claim herein, and that the complaint should not be dismissed

COUNT II - CONSPIRACY, CIVIL RIGHTS VIOLATIONS, PRIVACY UNDER 42 U.S.C. §1983, AND THREATS, INTIMIDATION OR COERCION UNDER STATE LAW MGL c. 12 §11I, TAKING U.S. MAIL UNDER 18 U.S.C. §1708

245-251. Plaintiff denies that the defendant is entitled to judgment in his/her favor regarding the claim herein, and that the complaint should not be dismissed.

COUNT III CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. §1983, PRIVACY VIOLATIONS UNDER 5 U.S.C. §552(b)(6), and 42 U.S.C. §1983, STATE TORT of ASSAULT AND BATTERY, THREATS, INTIMIDATION, OR COERCION, AND CONSPIRACY UNDER G.L.C. 12 §11I

252-273. Plaintiff denies that the defendant is entitled to judgment in his/her favor regarding the claim herein, and that the complaint should not be dismissed.

COUNT IV - UNWARRANTED INVASION OF PRIVACY UNDER 5 U.S.C. § 552 (b)(6), TORT of PRIVACY ACT VIOLATION UNDER MASS. STATE LAW AND UNDER 42 U.S.C. § 1983

274-280. Plaintiff denies that the defendant is entitled to judgment in his/her favor regarding the claim herein, and that the complaint should not be dismissed.

COUNT V - DUE PROCESS, EQUAL RIGHTS PROTECTION VIOLATION, UNDER 42 U.S.C. § 1983 AND THE 5TH, 6TH, 8TH, 14TH AMENDMENTS. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER MASS. CIVIL RIGHTS ACT, AND THE TORT of NEGLIGENCE UNDER STATE LAW

281-287. Plaintiff denies that the defendant is entitled to judgment in his/her favor regarding the claim herein, and that the complaint should not be dismissed.

Respectfully Submitted

DATE: 6-26-05   Keith Niemic

Keith Niemic pro se
PO Box 100 South Walpole
MA 02071

I hereby certify that a true copy of the above document was served upon counsel for the U-Mass Medical defendants by first class mail on this day 6-30-05

Keith Niemic

3.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEITH NIEMIC,
        Plaintiff,

v.

MICHAEL MALONEY, et al.,
        Defendants.

Civil Action

No. 04-11482-NMG

### ORDER ON SCREENING PURSUANT TO SECTIONS 1915(e)(2) AND/OR 1915A

Having completed the screening on the merits of plaintiff's complaint pursuant to Sections 1915(e)(2) and/or 1915A:

### FINDINGS

1. The complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted:

   No ☐    Yes ☒    as to defendant Michael Maloney.

2. The complaint seeks relief from a defendant or defendants who are immune from such relief:

   No ☒    Yes ☐    as to defendant(s) _____

3. Section 1997e(g)(2) provides that:

   "The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits."

   42 U.S.C. § 1997e(g)(2).

   Is the complaint sufficient to satisfy the pleading requirements for stating a cognizable claim and does the plaintiff have a reasonable opportunity to prevail on the merits against one or more defendants?

   a. Yes ☒    The Court has so determined and found as to defendant(s): David Nolan, Peter Allen, Anne Marie Aucoin, Gary Hebda, Beverly Veglas, Rick Solomon, Susan Martin, Kristie Ladouceur, David Brien,

       <u>Paul Murphy, Pat Mulvey, University of Massachusetts Correctional Health, Stan Galas, Kara Erdody, Dr. Donald Kern, June Binney, Arthur Brewer, Jeff Shorey, Dr. Gurvinder Kaur Jaiswal, and Donna Fitzgerald.</u>

b. No ☐    because the Court has determined that the complaint does not satisfy pleading requirements for stating a cognizable claim against:

    ☐ all defendants    ☐ the defendant(s)

    _____
    _____

c. No ☐    because the Court has determined that the likelihood that plaintiff will prevail on the merits falls short of the "reasonable opportunity" standard of the statute, as to claims against:

    ☐ all defendants    ☐ the defendant(s)

    _____
    _____

d. Cannot say

    ☐ It is not feasible for the Court to make a determination on these questions on the present record as to claims against:

    ☐ all defendants    ☐ the defendant(s) _____.

<u>ORDERS</u>

Based upon the foregoing:

1. The Clerk shall issue summonses and the United States Marshal serve a copy of the complaint, summons and this order as directed by the plaintiff with all costs of service to be advanced by the United States?
    No☐     Yes☒    ☐ as to all defendants
                            ☒ only as to defendant(s)<u>David Nolan, Peter Allen, Anne Marie Aucoin, Gary Hebda, Beverly Veglas, Rick Solomon, Susan Martin, Kristie Ladouceur, David Brien, Paul Murphy, Pat Mulvey, University of Massachusetts Correctional Health, Stan Galas, Kara Erdody, Dr. Donald Kern, June Binney, Arthur</u>

2

Brewer, Jeff Shorey, Dr. Gurvinder Kaur Jaiswal, and Donna Fitzgerald.

2. The Clerk shall dismiss this action unless, on or before the 42nd day from the date of this Order, plaintiff has filed a submission showing good cause why the Court should find that the pleading is sufficient to state a cognizable claim and that plaintiff will have a reasonable opportunity to prevail on the merits of plaintiff's claims against defendant(s)?

No ☐   Yes ☒   ☐ as to all defendants
☒ only as to defendant Michael Maloney.

3. a. Although defendant(s) may not have been served with a summons and complaint, are the defendant(s) invited but not required to file an answer to aid the Court in reaching a prompt final disposition on the merits?

No ☐   Yes ☐   ☐ as to all defendants
☐ only as to defendant(s) _____

OR

b. If the defendant(s) have been served with a summons and complaint, are the defendant(s) required to reply within the time specified in the summons?

No ☐   Yes ☒   ☐ as to all defendants
☒ only as to defendant(s) David Nolan, Peter Allen, Anne Marie Aucoin, Gary Hebda, Beverly Veglas, Rick Solomon, Susan Martin, Kristie Ladouceur, David Brien, Paul Murphy, Pat Mulvey, University of Massachusetts Correctional Health, Stan Galas, Kara Erdody, Dr. Donald Kern, June Binney, Arthur Brewer, Jeff Shorey, Dr. Gurvinder Kaur Jaiswal, and Donna Fitzgerald.

4/4/05                              /s/ Nathaniel M. Gorton
DATE                                NATHANIEL M. GORTON
                                    UNITED STATES DISTRICT JUDGE