UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

KEITH NIEMIC,
    Plaintiff,
v.                                CIVIL ACTION NO. 04-11482-NMG
DAVID NOLAN, ET AL.,
    Defendants

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A TRO AND PRELIMINARY INJUNCTION

### Statement of the case.

This is a civil rights action brought under 42 U.S.C. §1983 by a state prisoner who was denied subsequent treatment for Hepatitis C, after already being prescribed treatment, invasion of privacy, denial of court access, denial to the U.S. mails, imposition of excessive fines, retaliation and conspiracy to deny constitutional rights. The plaintiff also alleges the torts of assault and battery and negligence, as well as force, or threat of force, intimidation, or coercion by prison staff in which this court has supplemental jurisdiction over plaintiffs state law claims under 28 U.S.C. §1367, and who is presently being denied appropriate medical care, while his property was seized with threat of being destroyed.

### Statement of facts

As stated in the Declaration submitted with this motion, the plaintiff was stabbed several times, and recieved a herniated

disk. The treating staff, defendant Stan Galas, did only give sutures to two, of the several puncture wounds, in the Hospital Services Unit ("HSU") at Walpole, who declined to further diagnose or examine plaintiff's back condition, sending him to 10 Block segregation, in which defendant Pat Mulvey did take plaintiff's address book and 21 stamps, on June 13, 2005. After three weeks of plaintiff's sick call request slips have gone unanswered, he did initiate an Emergency move, approximately on July 9, 2005 to be brought to the HSU for severe back and leg pains, where he was diagnosed with a herniated disk, and remained on the HSU ward, recieving pain management and steroid treatment until approximately July 18, 2005. An M.R.I. at Lemuel Shattuck Hospital on July 25, 2005 did confirm a herniated/deteriorated disk as first diagnosed by Nurse Practitioner at Walpole. On July 26, 2005 plaintiff was moved to Souza Baranowski Correctional Center ("SBCC") in Shirley, MASS. where he has been placed in a segregation unit, and has repeatedly been denied the medical treatment of a Dr., consisting of necessary pain managment, necessary back support, including cane, and/or crutches, he's forced to remain in a cell with no handicap railings, in which a fall did occur on July 27, 2005, exasperating his condition, in which only a nurse took his vitals, and returned him to his cell. While sitting in a segregation cell at SBCC the Walpole defendants withholding his address book has resulted in a civil matter getting dismissed, his inability to contact family, and Notice from the defendants at Walpole that Legal books, and personal proper-

2

ty of the plaintiff, that are currently in that facility, are going to be disposed of in violation of statute. including that the defendants are further withholding plaintiff's pertinent material documents to this case, as well as others, the withholding of which he cannot adequately respond to defendants pronounced intent to move for Summary Judgment. The actions-deprivation of which, plaintiff is experiencing undescribable pain, that is relentless, causing stiffness, very limited motion, his inability to sleep, eat, take showers, or enjoy outside exercise, with extreme Emotional Distress.

The defendants against whom relief is sought are, respectively, the Prisons Program Director, who is responsible for overseeing the scheduling of medical appointments outside of prison for specialized treatment, and the Commissioner of Correction who is responsible for the safety, care, and adequate medical treatment of all mass. prisoners. including the safekeeping of all prisoners property.

## ARGUMENT

### POINT I

### THE PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

In determining whether a party is entitled to a temporary Restraining order or a preliminary injunction, courts generally consider several factors: whether the party will suffer irreparable injury, the "balance of hardships" between the parties, the likelihood of

success on the merits, and the public interest. Each of these factors favors the grant of this motion.

A. The plaintiff is threatened with irreparable harm.

a. The plaintiff alleges that he has been delayed, and denied access to medical attention ESTELLE v. GAMBLE, 429 U.S. 97, 104 (1976) for a serious medical need. Bouchard v. Magnusson, 715 F.Supp. 1146, 1148 (D.Me 1989); YOUNG v. HARRIS, 509 F.Supp. 1111, 1113-14 (S.D.N.Y. 1981) by qualified medical personnell to properly treat his serious medical need. PALMIGIANO v. GARRAHY, 443 F.Supp. 956, 974 (D.R.I. 1977) remanded on other grounds 599 F.2d 17 (1st Cir 1979); MANDEL v. DOE, 888 F.2d 783, 789-90 (11th Cir 1989); UNITED STATES v. STATE of MICHIGAN, 680 F.Supp. 928, 1043-45, 1061 (W.D.Mich 1987); see also Lowrance v. Coughlin, 862 F.Supp. 1090, 1098-99 (S.D.N.Y. 1994);

b. The plaintiff alleges that he was discriminatorily transferred in retaliation for filing grievances, and civil complaints, while defendants knowingly seized, and withheld his personal, and legal property, causing actual injury, and irreparable harm. in denying him his constitutional rights to medical care, U.S. v. Wallen, 177 F.Supp. 2d 455 (D.Md. 2001); see in analagous context. LAWSON v. DALLAS COUNTY, 286 F.3d 257 (5th cir 2002); and, JOHNSON v. HARDIN COUNTY, KY, 908 F.2d 1280, 1284 (6th cir 1990); see also FERANTI v. MORAN, 618 F.2d 888, 892 (1st cir 1980) and YARBOUGH v. ROACH, 736 F.Supp. 318, 319-20 & n.7 (D.D.C. 1990); denying him his constitutional right to property, court access. See TOLBERT v. FAIR, U.S. Dist. Ct. 82-37112 (11-18-86); see BLUM v. STATE OF ARIZONA, 829 P.2d 1247 (1992)(construcing statute similar to MASS. G.L. c. 127 §3;)

4

DANIELS v. WILLIAMS, 474 U.S. 327, 336-38 and n.n. 1-10; 106 S.Ct. 677, 678 n.n. 1-10 (1986); whereupon plaintiff suffered a civil matter dismissed due to the defendants confiscation and withholding said property, causing actual injury. SOWELL v. VOSE, 941 F.2d 32 (1st Cir 1991) the very actions of which have a "CHILLING EFFECT" on plaintiff's current civil matters before this court, and abroad. See in analogous context. MUHAMED v. PITCHER, 35 F.3d 1081 (6th Cir 1994); and see O'KEEFE v. MURPHY, 860 F.Supp. 748 (E.D. Wash 1994); the continued delay of which is damage. RYLAND v. SHAPIRO, 708 F.2d 967 (5th Cir 1983); see also SIMMONS v. DICKHAUT, 804 F.2d 182, 183 (1st Cir 1986); denying him further protected Liberty interests to the U.S. mail, visits, phone, and healthcare. M.G.L. c. 127 §§ 16-18, 32, 36, 39, 87, as well as property c. 127 § 3. See RODI v. VENTUOLO, 941 F.2d 22 (1st Cir 1991); SCOTT v. ANGELONE, 771 F.2d 1064, 1066 (1991); OLIM v. WAKINE-KONA, 461 U.S. 238, 249 (1983); resulting from retaliatory seizure of property and transfer. McDONALD v. HALL, 610 F.2d 16, 18 (1st Cir 1979); FOUR UNNAMED PLAINTIFFS v. HALL, 424 F.Supp. 357, (D.C. Mass 1976); ALLEN v. SAKAI, 40 F.3d 1001 (9th Cir 1994) Amended opinion 48 F.3d 1082 (9th Cir 1994); O'CONNOR v. KELLER, 510 F.Supp 1359 (D. Mary 1981); AUSTIN v. WILKINSON, 189 F.Supp. 2d 719 (N.D. Ohio 2002); ASSOC. FOR REDUCTION OF VIOLENCE v. HALL, 558 F.Supp. 661 (1983) aff'd 734 F.2d 63 (1st Cir 1984); WOODS v. SMITH, 60 F.3d 1161 (1995); SIMPSON v. GALLANT, 231 F.Supp 2d. 341 (D. Me. 2002); SPRUYTTE v. HAFFNER, 181 F.Supp.2d. 736 (W.D. Mich. 2001); and MORALES v. MACKALM, 278 F.3d 126 (2d Cir 2002);

As a matter of law, the continuing deprivation of constitutional rights constitutes irreparable harm. ELROD V. BURNS, 427 U.S. 347, 373 (1976); This principle has been applied in prison litigation generally, see NEWSOM V. NORRIS, 888 F.2d 371, 378 (6th cir 1989); MITCHELL V. CUOMO, 748 F.2d 804, 806 (2d cir 1984); ALBRO V. COUNTY OF ONONDAGA-N.Y., 627 F.Supp. 1280, 1287 (N.D.N.Y 1986); WILLIAMS V. LANE, 646 F.Supp 1379, 1409 (ND IL 1986) aff'd. 851 F.2d 867 (7th cir 1988) cert denied 109 S.Ct. 879 (1989), and specifically in prison medical care cases. PHILLIPS V. MICHIGAN DEPT of CORRECTIONS, 731 F.Supp 792, 801 (W.D. Mich. 1990) aff'd 932 F.2d 969 (6th cir 1991);

In addition, the plaintiff is threatened with irreparable harm because of the nature of his injury, a herniated/deteriorated disk of the spine with agonizing, excruciating pain with loss of movement and function. If he does not recieve proper treatment immediately he may never be able to walk again.

B. The balance of hardships favors the plaintiff

In deciding whether to grant TRO's and Preliminary Injunctions, courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non-moving party if the motion is granted. See e.g. Mitchell v. Cuomo, 748 F.2d 804, 808 (2d cir. 1984) (holding that dangers posed by prison crowding outweighed states financial and administrative concerns); Duran v. Anaya, 642 F.Supp. 510, 527 (D.N.M. 1986) (holding that prisoners interest in safety and medical care outweighed states interest in saving money

by cutting staff).

In this case, the present suffering of the plaintiff and his potential suffering if he permanently loses the normal use of his lower body and legs are enormous. The "suffering" the defendants will experience if the court grants the order will consist of taking the plaintiff to a suitable Doctor, and then carrying out the Doctors orders -- something that the defendants do, and are obligated to do, for members of the prison population on a daily basis. As the order for defendants to safely return all his personal, and legal property to him pursuant to statute is mandatory which entails no discretion on what shall be "deemed contraband, and forcibly disposed without due Process". The defendants hardship amounts to no more then business as usual.

C. The plaintiff is likely to succeed on the merits.

The plaintiff has a great likelihood of success on the merits. What the defendants have done - "delaying, and denying medical treatment, for a serious medical need" - was specifically singled out by the supreme court as an example of unconstitutional "deliberate indifference", to prisoners medical needs. ESTELLE V. GAMBLE, 429 U.S. 97 104 (1976). Many other courts have held that delay or denial of access to medical attention, for a serious medical need, as well as denial to access to medical personnel qualified to exercise judgment about a particular problem, states an 8th amendment claim. Williams v. Edwards, 547 F.2d 1206, 1216-18 (5th Cir 1977); Brown v.

Hughes, 894 F.2d 1533, 1538 (11th Cir 1990); see also Johnson v. Summers, 411 Mass. 82 577 NE.2d 301, 305 (Mass 1991); cert. denied 112 S.Ct. 1166 (1992); Casey v. Lewis, 834 F.Supp. 1477, 1545 (D. Ariz 1993); Miranda v. Munoz, 770 F.2d 255, 260-62 (1st Cir 1985); Mandel v. Doe, 888 F.2d 783 789-90 (11th Cir 1989); Balla v. Idaho State Bd. of Corrections, 595 F.Supp. 1558, 1575-76 (D. Idaho 1984);

D. The relief sought will serve the public interest

In this case, the grant of relief will serve the public interest because it is always in the public interest for prison officials to obey the law. Duran v. Anaya, 642 F.Supp. 510, 527 (D.N.M. 1986) ("Respect for law, particularly by officials responsible for the administration of the states correctional system, is in itself a matter of the highest public interest"); see also Llewelyn v. Oakland County Prosecutor's Office, 402 F.Supp. 1379, 1393 (E.D. Mich 1975) ("the constitution is the ultimate expression of the public interest").

## POINT II

### THE PLAINTIFF SHOULD NOT BE REQUIRED TO POST SECURITY.

Usually a litigant who obtains interim injunctive relief is asked to post security. Rule 65(c) Fed.R.Civ.P. However, the plaintiff is an indigent prisoner and is unable to post security. Olantes-Hernandez v. Smith, 541 F.Supp. 351, 385 n.30 (C.D.Cal 1982);

8

J.L. v. Parham, 412 F.Supp. 112, 140 (D.Ga 1976) rev'd on other grounds, 442 U.S. 584, 99 S.Ct. 2493 (1979). In view of the serious medical danger confronting the plaintiff, the court should grant the relief requested without requiring the posting of security.

For the foregoing reasons, the court should grant the motion in its entirety.

Respectfully Submitted

DATED: 8-7-05

Keith Niemic

Keith Niemic pro se
S.B.C.C. SMU-3 #8
PO BOX 8000
Shirley, MA 01464