## PRISONS

### 127 § 3

**§ 3. Money and property of prisoners; records; custody and return; transmission to court; interest on deposits**

They shall keep a record of all money or other property found in possession of prisoners committed to such institutions, and shall be responsible to the commonwealth for the safe keeping and delivery of said property to said prisoners or their order on their discharge or at any time before. The superintendents and keepers of jails, houses of correction and of all other penal or reformatory institutions shall, upon receipt of an outstanding victim and witness assessment, transmit to the court any part or all of the monies earned or received by any inmate and held by the correctional facility, except monies derived from interest earned upon said deposits and revenues generated by the sale or purchase of goods or services to persons in correctional facilities, to satisfy the victim witness assessment ordered by a court pursuant to section eight of chapter two hundred and fifty-eight B. Any monies derived from interest earned upon the deposit of such money and revenue generated by the sale or purchase of goods or services to persons in the correctional facilities may be expended for the general welfare of all the inmates at the discretion of the superintendent.

Amended by St.1962, c. 569; St.1994, c. 60, § 125; St.1996, c. 450, § 171.

### Historical and Statutory Notes

St.1861, c. 138.
P.S.1882, c. 222, § 1.
R.L.1902, c. 225, § 2.

St.1962, c. 569, an emergency act, approved June 19, 1962, added the second sentence.

St.1994, c. 60, § 125, approved July 10, 1994, and by § 315 made effective as of July 1, 1994, inserted the second sentence, and rewrote the former second sentence (now third), which prior thereto read: "Any interest accruing as a result of the deposit of such money may," by agreement with the prisoners concerned, be expended for the general welfare of the inmates at the discretion of the superintendent."

St.1996, c. 450, § 171, an emergency act, approved Dec. 27, 1996, in the second sentence, substituted "two hundred and fifty-eight B" for "two hundred fifty-eight B".

### Code of Massachusetts Regulations

Correction department.
Inmate funds, see 103 CMR 405.01 et seq.
Inmate property policy, see 103 CMR 403.01 et seq.

### American Law Reports

Validity and construction of prison regulation of inmates' possession of personal property. 66 ALR4th 800.

### Law Review and Journal Commentaries

Criminal conviction and civil rights. (1962) 42 B.U.L.Rev. 110.

Search incident to incarceration. 30 Ann. Surv.Mass.L. 125 (1983).

---

## PRISONS

### 127 § 4

### Library References

Convicts ⟺3.
Costs ⟺304, 310.
Criminal Law ⟺1220.
Prisons ⟺9.
WESTLAW Topic Nos. 98, 102, 110, 310.

C.J.S. Convicts § 4.
C.J.S. Criminal Law §§ 1759, 1761 to 1772, 1774 to 1786.
C.J.S. Prisons and Rights of Prisoners §§ 16, 20.

### Westlaw Electronic Research

See Westlaw Electronic Research Guide following the Preface.

### Notes of Decisions

Inventory searches 1

**1. Inventory searches**

To keep weapons and contraband from prison population is justification for preincarceration searches; this objective, however, does not justify inspection of contents of wallet if custodian is going to retain it. Com. v. Wilson (1983) 448 N.E.2d 1130, 389 Mass. 115.

Chapter 276, § 1 authorizing search to be made incident to an arrest only for purpose of seizing evidence of crime for which arrest has been made in order to prevent its destruction or concealment or for purpose of removing any weapon arrestee might use to resist arrest or to escape did not limit admissibility of evidence found during inventory search of defendant's wallet at county jail made pursuant to this section, requiring superintendents and keepers of jails to keep record of all money or other property found in possession of prisoners committed to such institutions; thus, motion to suppress lysergic acid diethylamide seized in the search of defendant's wallet as evidence of possession of lysergic acid diethylamide was properly denied. Com. v. Wilson (1983) 448 N.E.2d 1130, 389 Mass. 115.

Although demonstration that inventory search of defendant's wallet at county jail following arrest on charge of assault and battery by means of dangerous weapon was made pursuant to standard procedures could have been more detailed, routine nature of search was supported by trial court's finding that such searches are usual and by duty under this section of sheriff and his assistants to "keep a record of all money or other property found in possession of prisoners," and thus search of defendant's wallet was not unreasonable search in violation of his rights under U.S.C.A.Const. Amend. 4. Com. v. Wilson (1983) 448 N.E.2d 1130, 389 Mass. 115.

**§ 4. Records of punishment by isolation**

They shall keep a record of the name and number or other sufficient designation of every person punished by isolation, the day and hour when he was placed in isolation, the day and hour when released, the offense, and such remarks as may be necessary to complete the record. The commissioner shall ascertain whether the requirements of this section are observed.

Amended by St.1955, c. 770, § 14.

### Historical and Statutory Notes

St.1876, c. 61, §§ 2, 3.
P.S.1882, c. 222, §§ 4, 5.

R.L.1902, c. 225, § 3.
St.1916, c. 241, § 1.

St.1919, c. 350, §§ 82, 83.

St.1955, c. 770, § 14, an emergency act, approved, Sept. 12, 1955, and by § 123 made effective Oct. 20, 1955, in the first sentence, substituted "isolation" for "solitary imprisonment" in two places.

### Library References

Prisons ⟺9, 12, 13(5).
WESTLAW Topic No. 310.

C.J.S. Prisons and Rights of Prisoners §§ 6, 16, 20 to 21, 25 to 27, 50 to 53, 55, 59.