UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

KEITH NIEMIC,

    Plaintiff,

v.

MICHAEL MALONEY, et al.,

    Defendants.

C.A. No. 04-11482-NMG

## OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Department of Correction defendants oppose plaintiff's motion for preliminary injunction as both substantively meritless and moot for the reasons set forth in the attached Affidavit Of Counsel.

By its December 21, 2005 Memorandum and Order, the Court ordered correction defendants to respond to plaintiff's motion by January 13, 2006. Defendants note that they did not respond to plaintiff's motion when it was filed because plaintiff never served the motion on them. In its Memorandum and Order, the Court stated that in light of plaintiff's pro se status, it was troubled by plaintiff's contention that he had been denied access to legal materials, including books that are his personal property. Memorandum and Order, p. 14. Plaintiff also sought

in his motion medical treatment, other personal items, and visitation and communication privileges.

As to the request for medical attention, the Court has already denied plaintiff's motion as to the medical defendants in its Memorandum and Order. Correction defendants, who are not the decisionmakers in medical treatment decisions, stand on equal footing.

As to the remaining claims, the attached Affidavit of Counsel reveals that plaintiff has his law books, as well as access to legal materials and supplies at MCI-Norfolk, where he is housed, and plaintiff has not complained to the Court about his situation there. Plaintiff also has the ability to communicate both by telephone and in writing, having done so by telephone on numerous occasions, and he has the opportunity for visitation, although plaintiff apparently does not receive visits. Any dispute as to other personal items may be addressed under a damages action under the State Tort Claims Act and therefore is not the proper subject for a preliminary injunction motion. Finally, in addition to the meritless nature of plaintiff's claims, defendants note that the fact that plaintiff is no longer housed at SBCC, from which his motion was filed, makes most if not all of his allegations moot.

3

Respectfully submitted,

NANCY ANKERS WHITE
Special Assistant Attorney General

Dated:    January 11, 2006

Stephen G. Dietrick
Deputy General Counsel
Legal Division
Department of Correction
70 Franklin Street, 6th Floor
Boston, MA  02110
Tel. (617) 727-3300 Ext. 116
B.B.O. #123980

### CERTIFICATE OF SERVICE

I, Stephen G. Dietrick, Deputy General Counsel for the Department of Correction, hereby certify that on this 11th day of January, 2006, I served a copy of the foregoing defendants' Opposition To Plaintiff's Motion For Preliminary Injunction on plaintiff Keith Niemic, by first class mail, postage prepaid to him at his address: MCI-Cedar Junction, P.O. Box 43, Norfolk, MA  02056.

Dated:    January 11, 2006

Stephen G. Dietrick
Deputy General Counsel