UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

KEITH NIEMIC,

    Plaintiff,                                      C.A. No. 04-11482-NMG

v.

MICHAEL MALONEY, et al.,

    Defendants.

**AFFIDAVIT OF COUNSEL**

    I, Stephen G. Dietrick, on oath depose and state as follows:

    1. Plaintiff Keith Niemic is an inmate in the custody of the Massachusetts Department of Correction. Attached hereto as Exhibit A is his most recent classification report reflecting his crime, sentence, disciplinary history, incarceration summary, transfer history, and most recent placement decision.

    2. Contrary to plaintiff's assertion that he was laterally transferred from MCI-Cedar Junction, a Security Level 6 facility, to SBCC, also a Level 6 facility, in retaliation for his legal activities, the classification report reveals that plaintiff was transferred to SBCC on July 26, 2005 "due to the operational needs of the Department." Those needs include the closing of the Departmental Disciplinary Unit (DDU) at MCI-Cedar Junction and the loss of 120 beds to make necessary repairs to

malfunctioning cell doors. On October 11, 2005, plaintiff was transferred from SBCC to MCI-Norfolk "due to disciplinary history and departmental housing needs. Return to MCI-Cedar Junction when pending matters and/or operational needs have been resolved." Id. The disciplinary history referred to includes a total of seventy-four disciplinary reports during his incarceration, most important of which is a disciplinary report for a June 13, 2005 incident where plaintiff stabbed another inmate several times. Since his transfer to SBCC, plaintiff has received disciplinary reports for trashing the tier, using obscene and abusive language towards the librarian, flooding his tier with water, feces, and urine, circumventing the inmate telephone system by utilizing another inmate's pin number, using obscene or abusive language towards a nurse, swallowing a razor blade, flooding out and threatening staff, and misuse of authorized medication. Relevant disciplinary reports are attached hereto as Exhibit B.

3. As to plaintiff's claim that he is without three volumes of the Mass. Practice Series belonging to him (volumes 14A and B, and 19), this statement is false. Department property records reveal that these books were forwarded to plaintiff at SBCC and given to plaintiff on September 1, 2005. Plaintiff currently has these books in his possession at MCI-Norfolk.

4. As to plaintiff's assertion that he is without his address book, counsel is informed that pursuant to 103 DOC 403.15(a), the address book is in the custody of the Massachusetts State Police for analysis relative to the June, 2005 stabbing by plaintiff of another inmate. When the State Police returns the address book to the Department of Correction, either it or a copy will be given to plaintiff. As to plaintiff's claim that he is unable to contact family members by telephone or mail without his address book, this statement is false. Plaintiff is able to correspond with anyone he likes, receiving a certain amount of free postage a month if the Department deems him to be indigent, and Department telephone records for both SBCC and MCI-Norfolk reveal that on numerous occasions, plaintiff has had the opportunity to contact one of the ten people listed on his approved call list, including his father, two sons, sister, and attorney. Copies of plaintiff's approved call list and records of calls attempted and completed are attached as Exhibit C.

5. As to plaintiff's claim that he is without other legal documents, this statement is false. Department property records reflect that all four boxes of excess legal material belonging to plaintiff were transferred to MCI-Norfolk on November 12, 2005. A copy of this record is attached as Exhibit D. While plaintiff is correct in asserting that he is allowed only one

cubic foot of legal material in his cell (pursuant to the Department's property regulations, 103 CMR 403.10(a)(g)), he is also able to exchange that material for excess legal material kept in storage for him upon request. 103 CMR 403.10(7)(f). Plaintiff does not complain about his access to his legal property at MCI-Norfolk. A copy of 103 CMR 403, Inmate Property Policy, is attached as Exhibit E.

6. As to plaintiff's assertion that he is without other personal property such as headphones, radio, walkman radio, or fan, Department property records reveal that the fan was broken, and that the other property was disposed of on September 30, 2005 as not belonging to plaintiff after plaintiff was given three notices under the regulations to designate a method of disposal, one method of which could have been to send his property to someone outside the institution. The property officer did not receive a response to any of these notices. These records are attached as Exhibit F.

7. As to plaintiff's claim of denied access to legal materials, library records from both SBCC and MCI-Norfolk reveal that plaintiff has had plenary access with his various requests for copies of case law or writing materials fulfilled. Plaintiff does not complain about his access to legal materials at MCI-Norfolk. Records of plaintiff's legal access at SBCC are attached as Exhibit G. Attached hereto as Exhibit H are

Department records reflecting requests made and fulfilled for legal materials by plaintiff at MCI-Norfolk between October 17 and December 19, 2005. Department records also reveal that plaintiff requested and was given law library access on eight days in November, six days in December and at least three days in January. Plaintiff did not request law library access in October, 2005.

8. Plaintiff is able to receive visitors consistent with his classification status at MCI-Norfolk. This includes attorney visits. However plaintiff's September 12, 2005 classification report indicates that he does not receive visits.

9. The attached exhibits are official records of the Department kept in the ordinary course of business.

Signed under the pains and penalties of perjury this 11th day of January, 2006.

*Stephen G. Dietrick*
Stephen G. Dietrick

**CERTIFICATE OF SERVICE**

I, Stephen G. Dietrick, Deputy General Counsel for the Department of Correction, hereby certify that on this 11th day of January, 2006, I served a copy of the foregoing Affidavit Of Counsel on plaintiff Keith Niemic, by first class mail, postage prepaid to him at his address: MCI-Cedar Junction, P.O. Box 43, Norfolk, MA 02056.

Dated:   January 11, 2006

*Stephen G. Dietrick*
Stephen G. Dietrick
Deputy General Counsel