UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEITH NIEMIC,<br>    Plaintiff<br><br>VS.<br><br>STANLEY GALAS, ARTHUR BREWER, M.D.,<br>JUNE BINNEY, JEFF SHOREY, R.N.,<br>KARA ERDODY, R.N., DONNA<br>FITZGERALD, L.P.N., DONALD KERN, M.D.,<br>and GURVINDER JAISWAL, M.D., ET AL.,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 1:04-CV-11482-NMG<br>)<br>)<br>)<br>)<br>) |

## THE MEDICAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The medical defendants, **Stanley Galas, N.P., Arthur Brewer, M.D., June Binney, Jeff Shorey, R.N., Kara Erdody, R.N., Donna Fitzgerald, L.P.N., Donald Kern, M.D., and Gurvinder Jaiswal, M.D.** (the "defendants"), by counsel, move this Honorable Court, pursuant to Mass. R. Civ. P. 56, for summary judgment in their favor and against the plaintiff on all claims. As grounds therefor, the defendants direct the Court to the accompanying Memorandum of Law and state the following:

1. This is a civil rights and statutory claim, by a *pro se* inmate, charging violations relating to the medical treatment provided by the defendants while Mr. Niemic was incarcerated at the Department of Correction's MCI-Cedar Junction prison facility.

2. The plaintiff has not and cannot demonstrate that the defendants violated the Fourth Amendment of the United States Constitution, given that the defendants acted within their authority, and were abiding by the Department of Correction's policies and procedures.

3. Because plaintiff's complaints are based on events occurring after his criminal trial, Mr. Niemic has not and cannot establish his Fifth Amendment claim against the defendants.

985138v1

4. The plaintiff's Sixth Amendment claim also fails as a matter of law, given that Mr. Niemic has not and cannot demonstrate that the defendants were party to a criminal proceeding or prosecution when administering medical care.

5. The plaintiff has not and cannot demonstrate that defendants were deliberately indifferent to his serious medical needs, given the medical records and the Affidavit of Arthur Brewer, M.D.

6. As Mr. Niemic has not and cannot establish that he was deprived of due process, the plaintiff's Fourteenth Amendment claim also fails as a matter of law.

7. The plaintiff has not and cannot demonstrate that the Freedom of Information Act is applicable to his medical records, which are held by the State's prison system.

8. With respect to Mr. Niemic's state law claims, the plaintiff also has not and cannot establish the elements required to prove any one of the following claims: assault and battery, negligence, medical malpractice, or intentional infliction of emotional distress.

WHEREFORE, the defendants request that this Court allow their Motion for Summary Judgment and dismiss the plaintiff's Complaint with prejudice.

I hereby certify that a true copy of the above document was served upon (each party appearing *pro se* and) the attorney of record for each (other) party by mail on this 31st day of January, 2006.

/s/ James A. Bello
_____
James A. Bello / Lisa R. Wichter

Respectfully Submitted,
The Defendants,
STANLEY GALAS, ARTHUR BREWER, M.D., JUNE BINNEY, JEFF SHOREY, R.N., KARA ERDODY, N.P., DONNA FITZGERALD, L.P.N., DONALD KERN, M.D. AND GURVINDER JAISWAL, M.D.
By their attorneys,

/s/ James A. Bello
_____
James A. Bello, BBO #633550
Lisa R. Wichter, BBO #661006
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

2

985138v1