UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEITH NIEMIC,<br>    Plaintiff<br><br>VS.<br><br>STANLEY GALAS, ARTHUR BREWER, M.D.,<br>JUNE BINNEY, JEFF SHOREY, R.N.,<br>KARA ERDODY, R.N., DONNA<br>FITZGERALD, L.P.N., DONALD KERN, M.D.,<br>and GURVINDER JAISWAL, M.D., ET AL.,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 1:04-CV-11482-NMG<br>)<br>)<br>)<br>)<br>)<br>) |

**MEDICAL DEFENDANTS' STATEMENT OF
LEGAL BASIS IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Superior Court Rule 9A(b)(5), the medical defendants provide this statement of the legal basis in support of their Motion for Summary Judgment:

1. Summary judgment is to be granted when, based on the pleadings, affidavits, and depositions, "there is no genuine issue as to any material fact and [where] the moving party is entitled to judgment as a matter of law." Mass. R. Civ. P. 56(c); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).

2. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

3. A non-moving party cannot rest on mere allegations; the non-moving party must adduce specific, provable facts that establish that there is a triable issue. Rogers v. Fair, 902 F.2d 130, 143 (1st Cir. 1990).

985143v1

4. "There must be sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986).

5. Under the Fourth Amendment, individuals have a right to "be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S.C.S. Const. Amend. 4 (2005).

6. While inmates do not forfeit all constitutional protections by reason of their incarceration, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by considerations underlying our penal system." Bell v. Wolfish, 441 U.S. 520, 545 (1979); Price v. Johnson, 334 U.S. 266, 285 (1948).

7. Prison administrators are afforded wide-ranging deference in the adoption and execution of policies and practices which they believe are necessary to maintain internal order and discipline in such an institutional society. Bell v. Wolfish, 441 U.S. 520, 547 (1979).

8. Pursuant to 103 DOC 607.05(3)-(4), qualified health personnel on site are authorized to disclose an inmate's private health records to DOC personnel staff on a "need to know" basis. "Need to know" includes when it is necessary to protect the health of the patient and others.

9. Pursuant to the Fifth Amendment, "no person shall be compelled in any **criminal case** to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law." The Fifth Amendment protects against self-

985143v1

incrimination, not the disclosure of private information. <u>Fisher v. United States, et al.</u>, 425 U.S. 391, 401 (1976) citing <u>United States v. Nobles</u>, 422 U.S. 225, 233 n.7 (1975).

10. "In all **criminal prosecutions**, the accused shall enjoy the right to a speedy and public trial…and to have the Assistance of Counsel for his defense." U.S.C.S. Const. Amend. 6 (2005).

11. While the Sixth Amendment right to effective assistance of counsel applies to individuals going to trial, the Amendment has no application to incarcerated prisoners already convicted because the right to counsel attaches only when there are "pending" criminal charges against an accused. <u>Maine v. Moulton</u>, 474 U.S. 159, 179-180 (1985); <u>Snell v. Weld</u>, 1998 U.S. Dist. LEXIS 5177 (1998).

12. The Sixth Amendment applies only to criminal proceedings. <u>Baxter v. Palmigiano</u>, 425 U.S. 308 (1976); <u>Vanek v. Ponte</u>, 1982 U.S. Dist. LEXIS 16675 (1982).

13. "In order to establish that medical mistreatment constitutes a violation of the Eighth Amendment, a prisoner must show 'acts or omissions' sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Miranda v. Munoz</u>, 770 F.2d 255, 259 (1st Cir. 1985).

14. To prove deliberate indifference to a serious medical need, plaintiff must demonstrate that the specific acts or omissions relative to a prisoner's medical treatment constituted "an unnecessary and wanton infliction of pain" or were "repugnant to the conscience of mankind." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).

985143v1

15. The deliberate indifference standard is not met unless "defendant has a culpable state of mind and intended wantonly to inflict pain." DesRosiers v. Moran, 949 F.2d 15, 19 (1st Cir. 1991).

16. Under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, no state shall "deprive any person of life, liberty or property, without due process of law." These constitutional rights includes a right to adequate medical care. Youngberg v. Romeo, 457 U.S. 307, 315 (1982).

17. 103 DOC 518 and 103 DOC 607-608 provide that IPS has a right to medical information in investigations in the prison facilities.

18. While prisoners are entitled to disciplinary hearings for incidents occurring within the MDOC's purview, "matters of medical, mental health and dental judgment are the sole province of the responsible physicians, psychiatrists or dentists." 103 DOC 610.01(2).

19. Under the Freedom of Information Act ("FOIA"), each federal agency is required to make available to the public certain information. 5 U.S.C.S. §552(a).

20. Excluded from this requirement are documents exempted by statute, and personnel and medical files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. 5 U.S.C.S. §552(b)(2); U.S.C.S. §552(b)(6).

21. While FOIA applies to federal agencies, and records in the custody of a federal agency, it does not apply to state agencies. 5 U.S.C.A. §551(1)(West 1977); Marmarella v. County of Westchester, 898 F. Supp. 236 (SD NY 1995). FOIA is also inapplicable to private citizens. Tudisca v. Leary, 1995 U.S. Dist. LEXIS 4297 (1995).

985143v1

22. When defendants are entitled to summary judgment on a plaintiff's federal claims, plaintiff's state law claims against those same defendants should also be dismissed under United Mine Workers v. Gibbs, 383 U.S. 715 (1966). Husband v. Fair, 1993 U.S. Dist. LEXIS 12295 (1993).

23. In a case alleging the tort of assault and battery, plaintiff must demonstrate "intentional, unprivileged, unjustified touching … with such violence that bodily harm is likely to result." Husband v. Fair, 1993 U.S. Dist. LEXIS 12295 at 45; (citing Commonwealth v. Dixon, 34 Mass. App. Ct. 653 (Mass. App. Ct. 1993)).

24. "In cases of alleged negligence, no public employee … shall be liable for any injury or loss of property … caused by his negligent … act or omission while acting within the scope of his office or employment …" Mass. Gen. Laws Ann. Ch. 258, §2 (West 1988).

25. Medical personnel, under contract through UMCH to provide medical services to inmates at MCI-Cedar Junction, are considered the equivalent of public officials. Husband v. Fair, 1993 U.S. Dist. LEXIS 12295 at 19.

26. In Massachusetts the standard of care alleged to have been breached as a result of malpractice must be established by expert evidence "except in the unusual case in which 'negligence and [the] harmful results [of that negligence] are sufficiently obvious as to lie within common knowledge.'" Rosario v. United States, 824 F. Supp. 268 (D. Mass. 1993)(quoting Haggerty v. McCarthy, 344 Mass. 136 (Mass. 1962)).

27. In Massachusetts, to establish the tort of intentional infliction of emotional distress, plaintiff must prove four (4) elements, where plaintiff has suffered no physical

5

985143v1

injury.  Specifically, plaintiff must establish that 1) that the actor intended emotional distress, or should have known emotional distress was the likely result of the conduct; 2) the conduct was extreme and outrageous; 3) the actions of the defendant were the cause of the plaintiff's distress; and 4) the emotional distress claimed by the plaintiff is severe.  <u>Agis v. Howard Johnson</u>, 371 Mass. 140, 355 N.E.2d 315 (1976); <u>Bowler v. Department of Social Services, et al.</u>, 1998 Mass. Super. LEXIS 609 (1998).

|  |  |
|---|---|
| I hereby certify that a true copy of the above document was served upon (each party appearing *pro se* and) the attorney of record for each (other) party by mail on this 31st day of January, 2006.<br><br>/s/ James A. Bello<br>_____<br>James A. Bello / Lisa R. Wichter | Respectfully Submitted,<br>The Defendants,<br>STANLEY GALAS, ARTHUR BREWER, M.D., JUNE BINNEY, JEFF SHOREY, R.N., KARA ERDODY, N.P., DONNA FITZGERALD, L.P.N., DONALD KERN, M.D. AND GURVINDER JAISWAL, M.D.<br>By their attorneys,<br><br>/s/ James A. Bello<br>_____<br>James A. Bello, BBO #633550<br>Lisa R. Wichter, BBO #661006<br>MORRISON MAHONEY LLP<br>250 Summer Street<br>Boston, MA 02210<br>(617) 439-7500 |

985143v1