UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

KEITH NIEMIC,

    Plaintiff,                                C.A. No. 04-11482-NMG

    v.

MICHAEL MALONEY, et al.,

    Defendants.

**DEPARTMENT OF CORRECTION DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO RESPOND/MOTION TO STRIKE DEFENDANTS' OPPOSITION FOR PRELIMINARY INJUNCTION**

    Department of Correction defendants oppose Plaintiff's Motion For Leave To Respond/Motion To Strike Defendants' Opposition For Preliminary Injunction for the reasons set forth in their previously filed Opposition To Plaintiff's Motion For Preliminary Injunction.

    Plaintiff appears to take issue with the fact that defendants' motion was supported by an Affidavit of Counsel, claiming that counsel does not have personal knowledge. Defendants respond by stating first that plaintiff appears to have little or no material dispute as to the content of this affidavit, painstakingly put together from a variety of sources necessitated by plaintiff's shotgun approach to complaining. Therefore, whether counsel has personal knowledge is irrelevant.

This is an argument of form over substance. Moreover, the Affidavit of Counsel is in large measure predicated on a review of official Department of Correction records attached thereto, for which counsel does have personal knowledge.

As to plaintiff's new complaint that his cell was ransacked and certain legal papers were taken, defendants note that no defendant is accused of engaging in this conduct; that plaintiff simply cannot constitutionalize an untidy cell search, assuming one even took place; and that conspicuously absent from the grievance form that plaintiff submitted concerning the incident in question, court document number 89, page 19, is any reference to legal papers missing or having been taken.

Finally, as to plaintiff's claim that certain privacy rights were violated by the disclosure of information to the Court, defendants note that plaintiff has no standing to assert privacy rights for anyone but himself. Moreover, plaintiff cannot place countless claims at issue in his motion for preliminary injunction and then attempt to deny defendants the right to respond to his claims in a way which, to put it mildly, casts plaintiff as an unreliable historian.

3

Respectfully submitted,

NANCY ANKERS WHITE
Special Assistant Attorney General

Dated:   March 6, 2006          /s/ Stephen G. Dietrick_____
                                Stephen G. Dietrick
                                Deputy General Counsel
                                Legal Division
                                Department of Correction
                                70 Franklin Street, Suite 600
                                Boston, MA  02110-1300
                                Tel. (617) 727-3300 Ext. 116
                                B.B.O. #123980

**CERTIFICATE OF SERVICE**

I, Stephen G. Dietrick, Deputy General Counsel for the Department of Correction, hereby certify that on this 6th day of March, 2006, I served a copy of the foregoing on plaintiff Keith Niemic, by first class mail, postage prepaid to him at his address:  P.O. Box 43, Norfolk, MA  02056

Dated:   March 6, 2006          /s/_Stephen G. Dietrick_____
                                Stephen G. Dietrick
                                Deputy General Counsel