UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEITH NIEMIC,<br>    Plaintiff<br><br>VS.<br><br>STANLEY GALAS, ARTHUR BREWER, M.D.,<br>JUNE BINNEY, JEFF SHOREY, R.N.,<br>KARA ERDODY, R.N., DONNA<br>FITZGERALD, L.P.N., DONALD KERN, M.D.,<br>and GURVINDER JAISWAL, M.D., ET AL.,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 1:04-CV-11482-NMG<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' RESPONSE
TO PLAINTIFF'S MOTION FOR LEAVE TO RESPOND/
MOVE TO STRIKE DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

NOW COME the medical defendants, *Stanley Galas, Arthur Brewer, M.D., June Binney, Jeff Shorey, R.N., Kara Erdody, R.N., Donna Fitzgerald, L.P.N., Donald Kern, M.D., and Gurvinder Jaiswal, M.D.* (the "defendants"), in the above-entitled matter, and hereby respond to plaintiff's Motion to Strike Defendant's Opposition to Plaintiff's Motion for a Preliminary Injunction. The defendants state that the plaintiff's Motion should be denied because plaintiff presents no new evidence to establish that he will suffer irreparable harm if this preliminary injunction is not granted. In the alternative, Mr. Niemic's Motion should be stayed until the Court decides the defendants' dispositive Motion for Summary Judgment.

**FACTS**

1. The plaintiff's original Complaint alleges that the defendants were deliberately indifferent to his constitutional rights, violating the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments under Federal Statute §1983.

2. Plaintiff also asserted that the defendants violated the Freedom of Information Act and committed both civil and criminal violations. Mr. Niemic specifically alleged that the

       defendants failed to provide proper medical care for his migraines, Hepatitis C, chest pain, H. Pylori, urinary condition, and lymph nodes and cyst.

3. While Mr. Niemic's Motion to Strike alleges new allegations of medical mistreatment, the medical records contradict this claim.

4. Specifically, the plaintiff alleges that on June 13, 2005, after an altercation with another inmate, UMass Correctional Health's ("UMCH") nurse, Stanley Galas, refused to provide Mr. Niemic with any pain relief for his head wounds, or his spine, in which the medical defendants refused to treat plaintiff's herniated disk, despite his efforts and sick call requests. *See Plaintiff's Motion to Strike, ¶¶3-4.*

5. Mr. Niemic's own Motion admits, however, that UMCH treated his head wounds with Lidocaine, a pain reliever. *See Plaintiff's Motion to Strike, ¶4.*

6. Mr. Niemic's attached exhibits also establish that on July 12, 2005, Dr. Michael Williams interpreted three views taken of Mr. Niemic's lumbar spine and two views taken of his cervical spine. *See Plaintiff's Motion to Strike, Exhibit 1.*

7. The plaintiff's Motion to Strike also admits that, on July 27, 2005, at UMCH physician Dr. Carl Singletary's request, New England Medical Center took an MRI of Mr. Niemic's lumbar spine. *Plaintiff's Motion to Strike, ¶8 and Exhibit 1.*

8. Mr. Niemic further alleges that, after the medical defendants sent him to Lemuel Shattuck Hospital from July 9 to July 18, 2005 for treatment of his lumbar spine, the defendants deliberately utilized an inadequate dosing of Ultram for pain management, and refused to respond to his sick call requests. *See Plaintiff's Motion to Strike, ¶¶7 and 9.*

992065v1

9. However, the medical records attached to the plaintiff's Motion to Strike indicate that on July 18, 2005, Dr. Singletary ordered the pain reliever, Percocet, for Mr. Niemic, until Ultram was available. *See Plaintiff's Motion to Strike, Exhibit 1, physician order.*

10. The attached medical records also establish that on July 18, 2005, Dr. Singletary decreased Mr. Niemic's Ultram medication because his lumbar strain was improving slowly. Dr. Singletary noted that HSU would follow up with the plaintiff's pain, and Mr. Niemic was to notify the staff if he continued to improve during the next two to three weeks. *See Plaintiff's Motion to Strike, Exhibit 1, progress note dated July 18, 2005.*

11. Finally, Mr. Niemic alleges that on January 27, 2006, UMass Correctional Health psychiatrist, Nancy Felder, Ph.D., discontinued his Adderall medication without informed consent in retaliation for plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction. *See Plaintiff's Motion to Strike, ¶16.*

12. Mr. Niemic's attached exhibits indicate, however, that on August 19, 2005, a member of UMCH's mental health staff noted that "patient does have anxiety and panic disorder and it could be the Adderall exacerbates those symptoms. The increased dose will either help decrease his ADHD symptoms or worsen his symptoms and we will then know the Adderall is exacerbating his anxiety." *Plaintiff's Motion to Strike, Exhibit 1, progress note dated August 19, 2005.*

## ARGUMENT

I. The Plaintiff's Motion to Strike Defendant's Opposition to His Motion for a Preliminary Injunction Should Be Denied Because Mr. Niemic Fails to Present Any New Evidence That He Will Suffer Irreparable Harm If the Relief Sought is Not Granted.

To obtain a preliminary injunction order, the moving party must demonstrate that, without the requested relief, it would suffer irreparable harm, not capable of remediation by final judgment in law or equity. Commonwealth v. Massachusetts Crinc, 392 Mass. 79, 87 (1984);

Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 617, n.11 (1980). The moving party must also show that there is a likelihood that it would prevail on the merits of its claim at trial. Commonwealth v. Massachusetts Crinc, 392 Mass. at 87.

On December 21, 2005, the Court denied the plaintiff's Motion for a Temporary Restraining Order/Preliminary Injunction because, given the medical care afforded to the plaintiff by the medical defendants, Mr. Niemic failed to demonstrate that he would suffer irreparable harm absent the relief he sought. *See Judge Nathaniel Gorton's Memorandum and Order, dated December 21, 2005.* Now, in Mr. Niemic's Motion to Strike, he alleges facts relating to medical mistreatment from June 13, 2005 through January 27, 2006. However, the facts as alleged by Mr. Niemic once again fail to establish that he will suffer irreparable harm if his Preliminary Injunction is not granted. To the contrary, the facts actually prove that this plaintiff is being provided adequate medical treatment. Specifically, the medical records attached in the plaintiff's own Exhibit 1 clearly outline that UMCH and its medical staff, including the defendants, are continuously sending the plaintiff for examinations with outside specialists, treating the plaintiff's pain with medication, and tailoring those medications to suit the plaintiff's needs. For these reasons, the plaintiff has failed to present any new evidence indicating that he will suffer irreparable harm without the issuance of a Preliminary Injunction, and, thus, this Motion to Strike should be denied.

II. <u>Determination of the Plaintiff's Motion to Strike Should be Stayed Until the Court Has Ruled on the Defendants' Dispositive Motion for Summary Judgment.</u>

The defendant filed a Motion for Summary Judgment in this case on January 31, 2006. As of this date, the Court has yet to rule on this Motion. As such, the medical defendants request that the Court stay a ruling on the plaintiff's Motion to Strike until the defendants' dispositive Motion for Summary Judgment has been decided.

WHEREFORE, for the foregoing reasons, the defendants respectfully request that this Court deny the plaintiff's Motion to Strike or, in the alternative, stay a decision on Defendant's Opposition to Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction.

|  |  |
|---|---|
| I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail on this 7th day of March, 2006.<br><br>/s/ Lisa R. Wichter<br>_____<br>Lisa R. Wichter | Respectfully Submitted,<br>The Defendants,<br>STANLEY GALAS, ARTHUR BREWER, M.D., JUNE BINNEY, JEFF SHOREY, R.N., KARA ERDODY, N.P., DONNA FITZGERALD, L.P.N., DONALD KERN, M.D. AND GURVINDER JAISWAL, M.D.<br>By their attorneys,<br><br>/S/ Lisa R. Wichter<br>_____<br>James A. Bello, BBO #633550<br>Lisa R. Wichter, BBO #661006<br>MORRISON MAHONEY LLP<br>250 Summer Street<br>Boston, MA 02210<br>(617) 439-7500 |