UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEITH NIEMIC,<br>    Plaintiff<br><br>VS.<br><br>STANLEY GALAS, ARTHUR BREWER, M.D.,<br>JUNE BINNEY, JEFF SHOREY, R.N.,<br>KARA ERDODY, R.N., DONNA<br>FITZGERALD, L.P.N., DONALD KERN, M.D.,<br>and GURVINDER JAISWAL, M.D., ET AL.,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 1:04-CV-11482-NMG<br>)<br>)<br>)<br>)<br>) |

**MEDICAL DEFENDANTS' OPPOSITION TO**
**PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

NOW COME the medical defendants, Stanley Galas, Arthur Brewer, M.D., June Binney, Jeff Shorey, R.N., Kara Erdody, N.P., Donna Fitzgerald, L.P.N., Donald Kern, M.D., and Gurvinder Jaiswal, M.D. (the "defendants"), and hereby state their opposition to the plaintiff's motion for relief from judgment or order. Plaintiff Niemic's motion alleges that he has not received communications from the Court since January 20, 2006, and, therefore, he cannot fairly litigate this case. However, Mr. Niemic's real complaint appears to be that he did not have sufficient time to file a response to the defendants' summary judgment motion. In opposition to plaintiff's motion for relief from judgment, the defendants state the following:

1. On January 31, 2006, the defendants filed a motion for summary judgment with the Court. *See United States District Court Docket, paper entry #81.*

2. Thereafter, on February 21, 2006, the Court docketed plaintiff Niemic's motion to deny the defendants' motion for summary judgment or, in the alternative, stay the motion for summary judgment. *United States District Court Docket, paper entry #88.*

3. On August 11, 2006, the Court denied plaintiff's recent motions, and allowed the defendants' motion for summary judgment. *United States District Court Docket, paper entry #95.*

4. Thereafter, on August 15, 2006, the defendants moved for separate and final judgment in this matter. *United States District Court Docket, paper entry #96.*

5. On September 1, 2006, Mr. Niemic file a notice of appeal as to Judge Lu's memorandum and order. *United States District Court Docket, paper entry #97.* Thereafter, on September 8, 2006, the plaintiff also filed a Fed. R. Civ. P. 60(b) motion for relief from judgment of the same decision by Judge Lu. *United States District Court Docket, paper entry #98-99.*

6. Mr. Niemic now states in his motion for relief from judgment and order that he has not received any communications from the Court since January 20, 2006 and, thus, has not had a fair opportunity to respond to defendants' dispositive motion. *See Plaintiff's Motion for Relief from Judgment, pages 1 and 3.*

7. Pursuant to Mass. R. Civ. P. 60, there are two bases for allowing relief from judgment or order by the court. The first basis is clerical mistake. The second basis is mistake, including excusable neglect, newly discovered evidence, fraud, etc. Mr. Niemic fails to demonstrate any of these bases as grounds for his motion for relief from judgment.

8. Mr. Niemic's motion for relief from judgment does not assert clerical error, but, rather, the motion is grounded in the fact that plaintiff allegedly did not have access to the Court's rulings. *See Plaintiff's Motion for Relief from Judgment, pages 1 and 2.* Thus, there is no assertion in Mr. Niemic's motion that mistakes on the docket need to be corrected by the clerk prior to an appeal.

9. Mr. Niemic also does not assert mistake or newly discovered facts regarding the Court's August 11, 2006 decision allowing defendants' motion for summary judgment. The docket in this case, and plaintiff's own motion, clearly indicate that Mr. Niemic received the defendants' motion for summary judgment, filed on January 31, 2006. In fact, the plaintiff moved the Court to stay the decision on that motion or deny that motion in February of this year. Given these facts, Mr. Niemic clearly has been aware of the defendants' motion for summary judgment since February 2006.

10. There is no dispute that Mr. Niemic never filed an opposition to defendants' motion for summary judgment. Nor did Mr. Niemic ever request that the Court grant him an extension in which to file an opposition to that motion. Thus, for nine months, the plaintiff made no effort to oppose the facts illustrated in the defendants' motion, despite his knowledge that the defendants' motion for summary judgment was pending before the Court.

11. Moreover, there is nothing in the plaintiff's latest motion which disputes the Court's basis for allowing defendants' motion for summary judgment. The plaintiff fails to provide the Court with evidence that his alleged DOC facility transfers prevented him from presenting the Court with the merits of his case in the nine months since defendants filed their motion for summary judgment. Rather than provide the Court with documentation of UMCH's alleged refusal to provide medical records, the plaintiff merely asserts that he could not access his medical records and legal materials.

12. Mr. Niemic's motion also does not assert mistake, fraud, or newly discovered evidence in relation to the Court's August 11, 2006 decision. The Court's ruling was based on the merits of the defendants' motion/brief. Even now, as Mr. Niemic moves for relief from

judgment, there are no new facts presented in his motion for relief from judgment establishing that the Court's August 11, 2006 ruling was based on incorrect or inaccurate evidence. In fact, plaintiff's motion for relief from judgment does not even assert that the Court's basis for its ruling was unfounded. Rather, Mr. Niemic's motion is based solely on the fact that he allegedly was not made aware of the Court's ruling and that he did not have an opportunity to oppose the defendants' motion. Such a basis is not grounds for relief from judgment.

13. Based on all of the facts presented, there is nothing in the plaintiff's recent motion which would alter the Court's August 11, 2006 ruling/conclusion regarding Mr. Niemic's claims against the medical defendants in this case.

**WHEREFORE,** the defendants, Stanley Galas, Arthur Brewer, M.D., June Binney, Jeff Shorey, R.N., Kara Erdody, N.P., Donna Fitzgerald, L.P.N., Donald Kern, M.D., and Gurvinder Jaiswal, M.D., respectfully request that this Honorable Court deny the plaintiff's motion for relief from judgment and allow the defendants' motion for separate and final judgment.

Respectfully Submitted,
The Defendants,
STANLEY GALAS, ARTHUR BREWER, M.D., JUNE BINNEY, JEFF SHOREY, R.N., KARA ERDODY, N.P., DONNA FITZGERALD, L.P.N., DONALD KERN, M.D. AND GURVINDER JAISWAL, M.D.
By their attorneys,

/S/ Lisa R. Wichter

James A. Bello, BBO #633550
Lisa R. Wichter, BBO #661006
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

I hereby certify that a true copy of the above document was served upon the *pro se* plaintiff by mail and the attorney of record for each other party electronically through filing with the ECF system on September 22, 2006.

/S/ Lisa R. Wichter

Lisa R. Wichter

4

1022851v1

1022851v1