UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEITH NIEMIC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| STANLEY GALAS, ARTHUR BREWER, M.D., ) | CIVIL ACTION NO. 1:04-CV-11482-NMG |
| JUNE BINNEY, JEFF SHOREY, R.N., ) | |
| KARA ERDODY, R.N., DONNA ) | |
| FITZGERALD, L.P.N., DONALD KERN, M.D., ) | |
| and GURVINDER JAISWAL, M.D., et al., ) | |
| ) | |
| Defendants. ) | |

**MEDICAL DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO OPPOSE AND STRIKE
DEFENDANTS' MOTION FOR SEPARATE AND FINAL JUDGMENT**

NOW COME the medical defendants, Stanley Galas, Arthur Brewer, M.D., June Binney, Jeff Shorey, R.N., Kara Erdody, N.P., Donna Fitzgerald, L.P.N., Donald Kern, M.D., and Gurvinder Jaiswal, M.D. (the "defendants"), and hereby state their opposition to the plaintiff's Motion to Oppose and Strike Defendants' Motion for Separate and Final Judgment. In opposition to plaintiff's motion to oppose and strike, the defendants state the following:

1. On January 31, 2006, the defendants filed a motion for summary judgment with the Court. *See United States District Court Docket, paper entry #81.*

2. Thereafter, on February 21, 2006, the Court docketed plaintiff Niemic's motion to deny the defendants' motion for summary judgment or, in the alternative, stay the motion for summary judgment. *United States District Court Docket, paper entry #88.*

1023830v1

3. On August 11, 2006, the Court denied plaintiff's recent motions, and allowed the defendants' motion for summary judgment. *United States District Court Docket, paper entry #95.*

4. Thereafter, on August 15, 2006, the defendants moved for separate and final judgment in this matter. *United States District Court Docket, paper entry #96.* This motion has not been ruled on by the United States District Court.

5. On September 1, 2006, Mr. Niemic filed a notice of appeal as to Judge Nathaniel Gorton's memorandum and order. *United States District Court Docket, paper entry #97.* Thereafter, on September 8, 2006, the plaintiff also filed a Fed. R. Civ. P. 60(b) motion for relief from judgment of the same decision by Judge Gorton. *United States District Court Docket, paper entry #98-99.*

6. Now, Mr. Niemic moves the Court to strike defendants' motion for separate and final judgment on the grounds that he was unable to oppose defendants' original motion for summary judgment between January 31, 2006 and August 11, 2006, when the Court allowed the motion for summary judgment. *See Plaintiff's Motion to Oppose and Strike Defendants' Motion for Separate and Final Judgment; United States District Court Docket, paper entry #104.*

7. However, Mr. Niemic's most recent motion should be denied, as it is not only untimely, but inappropriate, given that this Court already allowed the defendants' motion for summary judgment.

**Argument**

I. **Plaintiff's Motion to Oppose or Strike Defendants' Motion for Separate and Final Judgment Fails to Establish that There is A Just Reason for Delaying Entry of Judgment in this Matter.**

Mr. Niemic's Motion to Oppose and Strike provides the Court with no grounds as to why the defendants have not complied with Fed. R. Civ. P. 54(b). Pursuant to Fed. R. Civ. P. 54(b), "when more than one claim for relief is presented in an action, . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

While the defendants were dismissed from this case on August 11, 2006, the Department of Correction defendants still remain a party to this action. Plaintiff, in all his motions for relief from judgment and this Motion to Oppose and Strike, has not provided the Court with a just reason for delaying a determination in favor of the medical defendants. For instance, Mr. Niemic has not provided the Court with newly discovered evidence. As such, entry of separate and final judgment in the defendants' favor is appropriate in this matter as they have complied with Fed. R. Civ. P. 54(b), and plaintiff's Motion should be denied.

II. **Plaintiff's Motion to Oppose or Strike Defendants' Motion for Separate and Final Judgment Should be Denied Because the Court Has Already Allowed Defendants' Motion for Summary Judgment.**

    A. **Denial of defendants' Motion for Separate and Final Judgment would not provide plaintiff with his relief sought, and would only serve to delay resolution of plaintiff's claims against the defendants.**

Plaintiff's Motion to Oppose and Strike should be denied given that the Court already allowed defendants' motion for summary judgment. As a basis for Mr. Niemic's Motion, he states that he "recently filed two motions for relief from judgment or order, the propriety of

which the court will find it equitable pursuant to Fed. R. Civ. P. Rule 60(a)(b) [sic] to set aside its grant of summary judgment for the U-Mass medical defendants, and to allow plaintiff a brief amount of time to oppose, or file a cross motion for summary judgment." *See Plaintiff's Motion to Oppose and Strike Defendants' Motion for Separate and Final Judgment.* However, Mr. Niemic's grounds for opposing defendants' motion for separate and final judgment overlooks the fact that the Court has already allowed defendants' motion for summary judgment. Were the Court to deny defendants' motion for separate and final judgment, such an action would still not provide Mr. Niemic with the opportunity to oppose defendants' motion for summary judgment or for plaintiff to file a cross-motion. In fact, denial of defendants' motion for separate and final judgment would only serve to significantly delay the final resolution of Mr. Niemic's claims against the defendants. Thus, the grounds for plaintiff's Motion to Oppose and Strike is insufficient to support his requested action by the Court and Mr. Niemic's Motion to Oppose and Strike should be denied.

     **B.**    **The grounds set forth in plaintiff's Motion to Oppose and Strike Defendants' Motion for Separate and Final Judgment and in plaintiff's pending motions for relief from judgment are not a basis for vacating the Court's allowance of defendants' motion for summary judgment.**

Were the Court to vacate its allowance of summary judgment on Mr. Niemic's claims against the defendants, it would be on the grounds that there is evidence of an existing genuine issue of material fact in this case. Plaintiff, in all his motions filed since August 2006, has provided the Court with no evidence to conclude that such an issue of fact exists. Rather, his motions for relief from judgment are based solely on his various transfers from one prison location to another. Given that Mr. Niemic has not provided the Court with a basis to vacate its allowance of defendants' motion for summary judgment, and given that the Court's denial of

defendants' motion for separate and final judgment would only serve to postpone resolution of this litigation at the lower court level, plaintiff's Motion to Oppose and Strike should be denied.

    **C.**    **Plaintiff's Notice of Appeal is premature and separate and final judgment in this case is appropriate.**

Essentially, by filing both a notice of appeal in this case and then filing motions for relief from judgment and this motion to oppose and strike defendants' motion for separate and final judgment, Mr. Niemic seeks to pursue this case at both the lower court and appellate court levels. On one hand, plaintiff has filed a notice of appeal with the Commonwealth's Appeals Court, based on Judge Nathaniel Gorton's allowance of defendant's motion for summary judgment. *United States District Court Docket, paper entry #97*. However, at the same time, Mr. Niemic has sought reconsideration/relief of Judge Gorton's granting of summary judgment through his most recent motions. *United States District Court Docket, paper entries #98-99 and 104*.

A notice of appeal is considered premature if there has been no entry of separate and final judgment pursuant to Fed. R. Civ. P. 54(b); Fed. R. App. P. 4(a)(2); <u>Clausen v. SEA-3, Inc.</u>, 21 F.3d 1181 (1st Cir. N.H. 1994) (holding that pursuant to Fed. R. App. P. 4(a)(2), a premature notice of appeal relates forward to the date of entry of a final judgment). In Mr. Niemic's case, he filed his notice of appeal prior to the Court entering separate and final judgment on his claim against the defendants. Plaintiff's notice of appeal was premature; and, consequently, to deny defendants' motion for separate and final judgment at this stage in litigation will only serve to delay resolution of plaintiff's claims against the defendants and the appeal sought by this plaintiff.

**WHEREFORE,** the defendants, Stanley Galas, Arthur Brewer, M.D., June Binney, Jeff Shorey, R.N., Kara Erdody, N.P., Donna Fitzgerald, L.P.N., Donald Kern, M.D., and Gurvinder Jaiswal, M.D., respectfully request that this Honorable Court deny the plaintiff's Motion to

Oppose and Strike Defendants' Motion for Separate and Final Judgment and allow the motion for separate and final judgment pending before the Court.

Respectfully Submitted,

The Defendants,
STANLEY GALAS, ARTHUR BREWER, M.D., JUNE BINNEY, JEFF SHOREY, R.N., KARA ERDODY, N.P., DONNA FITZGERALD, L.P.N., DONALD KERN, M.D., and GURVINDER JAISWAL, M.D.,

By their attorneys,
MORRISON MAHONEY LLP

/S/ Lisa R. Wichter

James A. Bello, BBO #633550
Lisa R. Wichter, BBO #661006
250 Summer Street
Boston, MA 02210
(617) 439-7500

I hereby certify that a true copy of the above document was served upon the *pro se* plaintiff by mail and the attorney of record for each other party electronically through filing with the ECF system on September 28, 2006.

/S/ Lisa R. Wichter

Lisa R. Wichter