UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2006 OCT -6 P 3: 50
U.S. DISTRICT COURT
DISTRICT OF MASS

KEITH NIEMIC, Plaintiff
VS.
STAN GALAS ET AL, Defendants

CIV. AC. NO. 04-11482

## PLAINTIFF'S SUPPLEMENTAL MOTION TO CLARIFY HIS EARLIER MOTION FOR RELIEF FROM JUDGMENT OR ORDER

Now comes the pro se plaintiff in the above entitled matter, who seeks to supplement his MOTION FOR RELIEF FROM JUDGEMENT OR ORDER Paper No. 99 by clarifying that:

1. Plaintiff was previously unable to respond to the U-Mass defendants motion for summary judgment due to his transiency and inability to access his own legal material. From which, he now has access to his own material, which clearly shows a genuine issue of material fact. Following his return to Walpole on August 21, 2006

2. All eight U-MASS defendants have submitted only one affidavit of defendant Arthur Brewer in support, who has never personally dealt with the plaintiff; thus lacking personal knowledge, (a) who's Affidavit contains legal argument; (b) contains conclusions of law (c) conclusions of fact; (d) with allegations made on information and belief, and hearsay, Thereby making it legally insufficient to be accepted by this court into evidence FEDR.CIV.P. 56(e)

3. The U-MASS defendants failure to refute or deny plaintiffs

allegations of conspiracy as explicitly set forth in the sworn complaint; see (Complaint Preliminary statement) is an admission. see FED R CIV P. Rule 8(d); see also FED Rules Evidence 801(d)(2)(B) and see US. Dist ct. Local Rule 56.1

Lastly, the plaintiff does assert that he now has access to his own (Long sought) medical, and Legal, records that not only shows a genuine issue of material fact, but further shows that there exists medical records revealing a prima facie case for Temporary Restraining Order, & Preliminary injunction that the U-MASS defendants knowingly and intentionally withheld from the court in their response/opposition to plaintiff's motion for TRO/Prelim. Injunction, for fear of the Court's ruling in favor of the plaintiff.

All of these facts, inter alia, can easily be shown by the plaintiff now, As soon as this Honorable court does grant and allow plaintiff's motion for Relief from Judgment or order. (D#99) And to deny such motion would not only be a substan- likelihood of a miscarriage of justice, but would be against the public interest, for which it would be equitable to allow plaintiff a fair opportunity to respond, or file a cross motion for summary judgment.

WHEREFORE, plaintiff respectfully requests that this Honorable court allow him to respond to the U-MASS defendants motion for summary judgment.

DATE: 10-2-06   Respectfully submitted
Keith Niemic
Keith Niemic
PO BOX 100
SO. WALPOLE, MA
02071

2