# MANDATE

# United States Court of Appeals
## For the First Circuit

No. 06-2334

KEITH NIEMIC,

Plaintiff, Appellant,

v.

DAVID NOLAN, ET AL.,

Defendants, Appellees.

Before

Torruella, Lynch and Howard,
<u>Circuit Judges</u>.

JUDGMENT

Entered: August 10, 2007

    As noted in this court's order of December 8, 2006, the instant appeal is limited to that aspect of the August 11, 2006 district court order denying appellant's request for a preliminary injunction against the so-called "Corrections defendants."[1]  We review the denial of a preliminary injunction for abuse of discretion.  See <u>No East-West Highway Comm., Inc.</u> v. <u>Chandler</u>, 767 F.2d 21, 22 (1st Cir. 1985).  There was no abuse of discretion in this case and, accordingly, we <u>affirm</u>.

    On appeal, appellant has not addressed any of his non-medically based allegations against the Corrections defendants and,

---

[1] Appellant has moved to strike the brief, or alternatively at least the portion of the brief, filed by the so-called "medical defendants" that addresses the issue of summary judgment in favor of the medical defendants.  As that issue is not part of this current appeal, we deny the motions to strike as moot.

therefore, has waived our consideration of those allegations. See Redondo-Borges v. U.S. Dept., Housing, Urban Dev., 421 F.3d 1, 6 (1st Cir. 2005). As for his medically-based claims, appellant contends that the response by the Corrections defendants to his motion for a preliminary injunction was inadequate so that the district court should have deemed any defense waived. Contrary to appellant's contention, the defendants' response was adequate. Moreover, it is appellant's burden to establish his entitlement to preliminary injunctive relief by demonstrating, inter alia, a substantial likelihood of success on the merits. See EEOC v. Astra USA, Inc., 94 F.3d 738, 742 (1st Cir. 1996). From our review of the record, we conclude that the district court was warranted in finding that appellant had failed to carry this burden.

Appellant also contends that the Corrections defendants failed to follow their own policies and regulations regarding the provision of inmate health care. This argument appears based on state law and, thus, not ordinarily viable via 42 U.S.C. § 1983. See Rossi v. Gemma, 489 F.3d 26, 38 n.20 (1st Cir. 2007) (reciting that § 1983 only applies to the deprivation of rights guaranteed by federal law). In any event, we find no abuse of discretion in the district court's conclusion that appellant had not demonstrated a substantial likelihood of success on the merits of a federal claim of deliberate indifference to a serious medical need, see Estelle v. Gamble, 429 U.S. 97, 104 (1976), but rather that appellant's claims manifest a disagreement about the course of his medical care and treatment and, at most, suggest state law-based claims of medical malpractice.

The district court order of August 11, 2006 denying appellant's request for a preliminary injunction against the Corrections defendants is affirmed.

By the Court:

Richard Cushing Donovan, Clerk.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

_[signature]_
Deputy Clerk
Date: 9/4/07

By: _____
Chief Deputy Clerk.

[cc: Keith Niemic, Stephen Dietrick, Esq., James Bello, Esq., Lisa Wichter, Esq.]